**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Otis Mays, | Civ. No. 20-0568 (SRN/BRT) |
| Plaintiff, | |
| v. | **ORDER** |
| Bloomington Police Department, The City of Bloomington, Carolyn Kne, John Does 1–9, Jane Does 1–8, and Hennepin County Adult Dention Center, | |
| Defendants. | |

Plaintiff Otis Mays did not pay the filing fee for this case, but instead filed an application seeking leave to proceed *in forma pauperis*. (Doc. No. 2, IFP Application.) That IFP Application is now before the Court and must be addressed before any other action is taken in this matter.

Because Mays is a prisoner, the IFP Application is subject to the requirements of 28 U.S.C. § 1915(b). This statute provides that:

> (1) Notwithstanding subsection (a), if a prisoner brings a civil action . . . in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of—
>
> (A) the average monthly deposits to the prisoner's account; or

      (B)    the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint . . . .

(2)    After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

(3)    In no event shall the filing fee collected exceed the amount of fees permitted by statute for the commencement of a civil action . . . .

(4)    In no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.

According to this statute—part of the Prison Litigation Reform Act of 1995 (PLRA)—prisoners who are granted IFP status are *not* excused from paying the court filing fee altogether, as is the case for non-prisoner IFP litigants. Instead, a prisoner who is granted IFP status is merely granted permission to pay the filing fee in installments, rather than paying the entire amount in advance. *See Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998) ("The purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time."). Section 1915(b)(1) requires prisoner IFP applicants to pay an initial partial filing fee at the outset

of the case, and § 1915(b)(2) requires that the remaining balance be paid in installments through regular deductions from the prisoner's trust account.

In this case, Mays's trust account statement shows that the amount of his average monthly deposits during the preceding six-month period was $69.02, while his average balance during the same period was $9.08. *See* IFP Appl. 6. Because the deposits amount exceeds the balance amount, Mays's initial partial filing fee in this case, under the formula prescribed by 28 U.S.C. § 1915(b)(1), will be 20% of the average deposits amount, or $13.81. This action will not go forward until Mays's initial partial filing fee of $13.81 has been paid in full. If Mays elects to pursue this action through payment of the $13.81 initial partial filing fee, *the entirety of the remaining balance of the $350.00 statutory filing fee will have to be paid in later installments*.[1] Prison officials will be ordered to deduct funds from Mays's trust account and submit such funds to the Court, as provided by § 1915(b)(2), regardless of whether Mays succeeds in this action. If Mays does not pay his initial partial filing fee within 30 days of the date of this Order, he will be deemed to have abandoned this action, and it will be recommended that the case be dismissed without prejudice for lack of prosecution. *See* Fed. R. Civ. P. 41(b).

---

[1]  The statutory filing fee for new actions commenced in a federal district court is $350.00. 28 U.S.C. § 1914(a). On May 1, 2013, the district courts began to assess an additional $50.00 administrative fee, raising the total fee to $400.00. The PLRA, however, applies only to the statutory filing fee. Thus, Mays will be required to pay the unpaid balance of the $350.00 statutory filing fee—not the $400.00 total fee—in installments pursuant to § 1915(b)(2).

# ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT**:

1. Plaintiff Otis Mays must pay an initial partial filing fee of at least $13.81 within 30 days of the date of this Order.

2. Should Mays fail to pay the initial partial filing fee, it will be recommended that this action be dismissed without prejudice for failure to prosecute.

Dated: May 4, 2020     *s/ Becky R. Thorson*
BECKY R. THORSON
United States Magistrate Judge