## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Otis Mays,<br><br>  Plaintiff,<br><br>v.<br><br>Bloomington Police Department, The City of Bloomington, Carolyn Kne, John Does 1–9, Jane Does 1–8, and Hennepin County Adult Detention Center,<br><br>  Defendants. | Civ. No. 20-0568 (SRN/BRT)<br><br><br><br>**ORDER AND<br>REPORT AND RECOMMENDATION** |

This action comes before the Court on a Letter from Plaintiff Otis Mays that was received on May 29, 2020. (Doc. No. 7, Letter.) In that Letter, Mays requests that the Court (1) grant Mays a 60-day "continuance" to pay his initial partial filing fee (*id.* at 1–2); (2) order that portions of the Letter be placed under temporary seal (*id.* at 3); and (3) order staff at the Federal Correctional Institution in Gilmer County, West Virginia ("FCI-Gilmer")—where Mays is presently incarcerated—provide Mays with writing instruments and "at least 5 hours a week's access" to FCI-Gilmer's law library computer (*id.* at 3–6). For the following reasons, the Court grants Mays's request for extra time to pay his filing fee in part, denies his request that the Letter be put under temporary seal, and recommends that Mays's request for an order directed at the staff of FCI-Gilmer be denied.

I.      **Background**

Mays's Complaint alleges that individuals associated with the Bloomington Police Department (BPD) and the Hennepin County Adult Detention Center (HCADC) violated his constitutional rights by using excessive force during an arrest and/or failing to provide him appropriate medical care. (*See, e.g.*, Doc. No. 1, Compl. 6.) As the caption shows, Defendants are the BPD, the City of Bloomington, a BPD detective, the HCADC, and various "John Doe" and "Jane Doe" Defendants associated with either the BPD or the HCADC. Mays did not pay this action's filing fee, but instead applied for leave to proceed *in forma pauperis*. (*See* Doc. No. 2, Appl. to Proceed in Dist. Ct. Without Prepaying Fees or Costs.) On May 4, 2020, the Court ordered Mays to pay an initial partial filing fee of $13.81 if he wanted this action to proceed. (*See* Doc. No. 6, Ord. 4.)

II.     **Discussion**

First, Mays requests a 60-day "continuance" to pay the initial partial filing fee. (Letter 1–2.) The Court grants that request in part. Mays shall have **30 days** from this Order's date to pay this action's initial partial filing fee of $13.81. If he does not pay the fee within this timeframe, this Court will recommend dismissing this action without prejudice for failure to prosecute.

Second, Mays asks that a portion of the Letter received on May 29, 2020, be "placed under temporary seal." (*Id.* at 3.) The Court will grant in part and deny in part this request at this time. If this case proceeds, the topic of unsealing will be addressed further. The Court notes that there is a common-law right of access to public records. *See Webster Groves Sch. Dist. v. Pulitzer Publ'g Co.*, 898 F.2d 1371, 1376 (8th Cir. 1990).

The Eighth Circuit has held that this right of access "is not absolute, but requires a weighing of competing interests." *Id.* A court has supervisory power over its own records, and the decision to seal a file is within the court's discretion. *Id.* In the future, Mays must assume that his submissions to the Court will be public. If Mays requests any future submissions to be filed under seal, he must include a cover page marked "REQUEST TO FILE UNDER SEAL" to alert the Clerk's Office and the Court of his request before the submission is filed. It would also be helpful if Mays marked his envelope with that same "REQUEST TO FILE UNDER SEAL." If the request is made, the Court can determine before filing whether the submission should be filed under seal.

Finally, Mays requests that the Court order staff at FCI-Gilmer—none of whom are parties to this action—provide Mays with writing instruments and allow him "at least 5 hours a week's access" to the facility's "law library computer." (*Id.* at 3–4, 6.) This Court construes these as requests for preliminary injunctive relief—that is, Mays seeks an order directing FCI-Gilmer staff to perform certain actions. But FCI-Gilmer is a facility in West Virginia, and neither it nor its staff are party to this action. Consequently, Mays's requests "'exceed[] our jurisdiction as invoked by'" the Complaint. *Braun v. Walz*, No. 20-CV-0333 (DSD/BRT), 2020 WL 3848204, at *1 (D. Minn. June 2, 2020) (citation omitted), *report and recommendation adopted*, 2020 WL 3839785 (D. Minn. July 8, 2020); *see also Pediatric Specialty Care, Inc. v. Arkansas Dep't of Human Servs.*, 364 F.3d 925, 933 (8th Cir. 2004) (stating that under Federal Rules of Civil Procedure 65(d)(2), injunctions can only bind "parties and 'those persons in active concert or

3

participation with them'"). Accordingly, this Court recommends denying Mays's requests for writing utensils and extended computer access.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT**:

1. Plaintiff Otis Mays's request for a 60-day "continuance" to pay his initial partial filing fee (Doc. No. 7) is **GRANTED IN PART AND DENIED IN PART**. Mays must pay his initial partial filing fee of $13.81 within **30 days** of the date of this Order. If he does not do so, this Court will recommend dismissal of this action for failure to prosecute; and

2. Mays's request to seal a portion of the Letter dated May 29, 2020 (Doc. No. 7), is **GRANTED IN PART AND DENIED IN PART**. The Clerk's Office is directed to temporarily seal the letter at Doc. No. 7. Should this case proceed, the Court will address the document's continued sealing at that time.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT** Mays's request to the Court received on May 29, 2020 (Doc. No. 7) seeking preliminary injunctive relief from staff at the Federal Correctional Institution in Gilmer County, West Virginia be **DENIED**.

Dated: July 27, 2020               *s/ Becky R. Thorson*
                                   BECKY R. THORSON
                                   United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).