UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Otis Mays, | Civ. No. 20-0568 (SRN/BRT) |
| Plaintiff, | |
| v. | |
| Bloomington Police Department, The City of Bloomington, Carolyn Kne, John Does 1–9, Jane Does 1–8, and Hennepin County Adult Dention Center, | **ORDER** |
| Defendants. | |

This action comes before the Court on a Letter to the Court from Plaintiff Otis Mays that was received on June 19, 2020. (Doc. No. 8, Letter.) That Letter asks the Court to compel the Bloomington Police Department and the Hennepin County Adult Detention Center to preserve certain evidence that Mays believes will support his claims (e.g., camera footage, phone logs, etc.). (*See* Letter 1–3.) These requests, however, are premature.

While these requests target parties to this litigation, they are premature because those parties have not yet been served. "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). "In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant."

*Id.* "If a defendant is improperly served, a federal court lacks jurisdiction over the defendant," *Printed Media Servs., Inc. v. Solna Web, Inc.*, 11 F.3d 838, 843 (8th Cir. 1993) (citation omitted), even if the defendant "had actual notice of the lawsuit," *Adams v. AlliedSignal Gen. Aviation Avionics*, 74 F.3d 882, 885 (8th Cir. 1996) (citing *Printed Media Servs.,* 11 F.3d at 843).

Here, Defendants have not yet been served with summonses in this action because Mays has not yet paid his filing fee, and as a consequence the Court lacks personal jurisdiction over Defendants. Even if the Court was inclined to grant Mays's requests relating to the preservation of evidence, it cannot do so at present. Those requests are therefore denied without prejudice.

The Court observes, however, that "[t]he obligation to preserve evidence begins when a party knows or should have known that the evidence is relevant to future or current litigation," *E*Trade Sec. LLC v. Deutsche Bank AG*, 230 F.R.D. 582, 588 (D. Minn. 2005) (citing cases), and the Court expects all parties to this litigation to comply with the discovery-related responsibilities imposed by the Federal Rules of Civil Procedure. *See, e.g.*, Fed. R. Civ. P. 37(e) (governing "failure to preserve electronically stored information").

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT** Mays's requests set forth in the Letter received on June 19, 2020 (Doc. No. 8) are **DENIED WITHOUT PREJUDICE**.

3

Dated: July 27, 2020               *s/ Becky R. Thorson*
                                                  BECKY R. THORSON
                                                  United States Magistrate Judge